IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY ENTEADO by her subrogee STATE FARM FIRE & CASUALTY COMPANY and DAVID FEDEROFF<br><br>v.<br><br>HI-POWER CYCLES LLC; JOHN DOES 1-10; and ABC CORPS. 1-10. | CIVIL ACTION NO. |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Hi-Power Cycles, LLC, hereby gives notice of removal of this action from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-000012-16 to the United States District Court for the District of New Jersey, and in support thereof aver as follows:

1.      This matter was initiated on January 8, 2016, via the filing of a Complaint in the Superior Court of New Jersey, Law Division, Cape May County.  A true and correct copy of Plaintiffs' Complaint is attached hereto as **Exhibit "A"**.[1]

2.      Personal service of the Plaintiffs' Complaint was made upon the defendant on or about January 25, 2016.

3.      According to the Complaint, this action is commenced by Kimberly Enteado by her subrogee State Farm Fire & Casualty Company (hereafter "State Farm") and David Federoff. Per the Complaint, Ms. Enteado and Mr. Federoff reside at Plaintiffs reside at 36 Robin Drive, Cape May Court House, New Jersey 08210.  Id.

4.      Per the Complaint, State Farm has a place of business located at P.O. Box

---

[1] At the time of this writing, Plaintiff just filed an Amended Complaint which was served upon the undersigned but not yet docketed.  The Amended Complaint names BME Bikes as a defendant in addition to those referenced in the above-caption. Per the Amended Complaint, BME Bikes is a California entity and thereby does not defeat diversity jurisdiction. A true and correct copy of Plaintiffs' Amended Complaint is attached hereto as **Exhibit "B."**

106110, Atlanta, Georgia, and upon information and belief, is headquartered in Illinois.  Id.

5.    Defendant, per the Complaint, has a place of business located at 2122 Nordhoff Street, Chatsworth, California 91311.  Id.

6.    Plaintiffs claim "severe and significant" property damage arising out of a fire allegedly caused by a malfunctioning electric bicycle manufactured, designed, and/or constructed by defendant.  Id. at ¶¶2, 6,

7.    The Complaint alleges "significant smoke and water damage and losses to plaintiff's insured's residence and their personal property, thereby necessitating past and future restoration, replacement and repair efforts" and also "alternative shelter and related living expenses . . ." Id. at Second Count ¶6 and Fourth Count, ¶4.

8.    If a defendant seeks to remove a pending State court action, it "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . ."  28 U.S.C. §1446(a).

9.    The notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. §1446(b).

10.    Pursuant to federal law, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states; [and] (2) citizens of a State and citizens or subjects of a foreign state . . ." 28 U.S.C. §1332(a)(1)-(2).

11.    In this case, there is complete diversity of citizenship between the parties, as the Plaintiffs are citizens of the State of New Jersey and Georgia/Illinois and the defendant is a citizen of the State of California.

12.      Multiple correspondence from Plaintiffs' counsel indicates that Plaintiffs' are of the opinion the case has value in excess of $75,000 and indeed, it is claimed State Farm has paid to its insured Ms. Enteado in excess of this amount relative to the claimed incident.

13.      As the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and the threshold has been met for this Court to exercise diversity jurisdiction. Plaintiffs' counsel does not object to removal to this Honorable Court.

14.      Therefore, this Court has original jurisdiction over the action pursuant to 28 U.S.C. §1332.  There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.      This action is properly and timely removed pursuant to 28 U.S.C. §1441(a) and in accordance with the requirements of 28 U.S.C. §1446.

16.      This notice of removal is being filed within thirty days after receipt of the Complaint and with confirmation and notice that the amount in controversy exceeds $75,000, thereby fulfilling the requirements for invoking the diversity jurisdiction of this Court.  28 U.S.C. §1446(b).

17.      Further, pursuant to 28 U.S.C. § 1446(d), Petitioner/Defendant are, concurrent with the filing of this Petition, providing notice of the removal of this matter to the Superior Court of New Jersey, Law Division, Cape May County, and to all parties.

WHEREFORE, Petitioner/Defendant Hi-Power Bicycles, LLC, hereby removes the above action now pending in the Superior Court of New Jersey, Law Division, Cape May County, to the United States District Court for the District of New Jersey.

Respectfully Submitted,

**WEBER GALLAGHER SIMPSON STAPLETON, FIRES & NEWBY, LLP**

By: _____

Matthew G. Laver, Esquire
Joseph Goldberg, Esquire
2000 Market Street, 13th Floor
Philadelphia, PA 19103
(215) 972-7900
Fax: (215) 564-7699
mlaver@wglaw.com
jgoldberg@wglaw.com
*Attorneys for the Defendant*
*Hi-Power Cycles, LLC*

Dated:  February 23, 2016

## CERTIFICATE OF SERVICE

I, Matthew G. Laver, Esquire, do hereby certify that on the date indicated below, I served via U.S. mail, postage prepaid, a true and correct copy of the within Notice of Removal on the following counsel of record:

Paul R. Duffy, Esq.
Kearns & Duffy, P.C.
3648 Valley Road, P.O. Box 56
Liberty Corner, New Jersey 07938

Matthew G. Laver, Esquire

Date: February 23, 2016

# EXHIBIT "A"

Appendix XII-B1



## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
| --- | --- |
| PAYMENT TYPE: ☐CK ☐CG ☐CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME<br>Paul R. Duffy, Esq. | TELEPHONE NUMBER<br>(908) 647-7773 | COUNTY OF VENUE<br>Cape May |
| --- | --- | --- |

| FIRM NAME (if applicable)<br>Kearns & Duffy, P.C. | DOCKET NUMBER (when available) |
| --- | --- |

| OFFICE ADDRESS<br>3648 Valley Road, P.O. Box 56<br>Liberty Corner, NJ 07938 | DOCUMENT TYPE<br>Complaint |
| --- | --- |
| | JURY DEMAND   ■ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Kimberly Enteado by her subrogee State Farm Fire & Casualty Company and David Federoff | CAPTION<br>Kimberly Enteado by her subrogee State Farm Fire & Casualtyy Company and David Federoff v. Hi-Power Cycles LLC; John Does 1-10; and ABC Corps. 1-10 |
| --- | --- |

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>699 | HURRICANE SANDY RELATED?<br>☐ YES   ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| --- | --- | --- |

| RELATED CASES PENDING?<br>☐ YES   ■ No | IF YES, LIST DOCKET NUMBERS |
| --- | --- |

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES   ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |
| --- | --- |

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ Yes   ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
| --- | --- |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ Yes   ■ No |
| --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| --- | --- |
| WILL AN INTERPRETER BE NEEDED?<br>☐ Yes   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

### Track III - 450 days' discovery
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
271  ACCUTANE/ISOTRETINOIN
274  RISPERDAL/SEROQUEL/ZYPREXA
278  ZOMETA/AREDIA
279  GADOLINIUM
281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282  FOSAMAX
285  STRYKER TRIDENT HIP IMPLANTS
286  LEVAQUIN
287  YAZ/YASMIN/OCELLA
288  PRUDENTIAL TORT LITIGATION
289  REGLAN

290  POMPTON LAKES ENVIRONMENTAL LITIGATION
291  PELVIC MESH/GYNECARE
292  PELVIC MESH/BARD
293  DEPUY ASR HIP IMPLANT LITIGATION
295  ALLODERM REGENERATIVE TISSUE MATRIX
296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297  MIRENA CONTRACEPTIVE DEVICE
299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300  TALC-BASED BODY POWDERS
601  ASBESTOS
623  PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**      ☐ **Title 59**

*Paul R. Duffy, Esq., ID # 062141986*
*KEARNS & DUFFY, P.C.*
*3648 Valley Road, P.O. Box 56*
*Liberty Corner, New Jersey 07938*
*(908) 647-7773*
*Attorneys for* Plaintiff
Our File No.: 9570D

| | |
|---|---|
| KIMBERLY ENTEADO by her subrogee STATE FARM FIRE & CASUALTY COMPANY and DAVID FEDEROFF, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CAPE MAY COUNTY |
|       Plaintiff(s), | DOCKET NO.: |
| v. | Civil Action |
| HI-POWER CYCLES LLC; JOHN DOES 1-10; and ABC CORPS. 1-10, | **COMPLAINT AND JURY DEMAND** |
|       Defendant(s). | |

Plaintiff, Kimberly Enteado by her subrogee State Farm Fire & Casualty Company, having a place of business located at P.O. Box 106110, Atlanta, Georgia 30348 and David Federoff, by way of complaint against defendants, Hi-Power Cycles LLC, with a place of business located at 21122 Nordhoff Street, Suite F-G, Chatsworth, California 91311; John Does 1-10; and ABC Corps. 1-10, alleges as follows:

### FIRST COUNT

1.    At all times relevant hereto, plaintiff, State Farm Fire & Casualty Company, did insure a home owned by Kimberly Enteado located at 36 Robin Drive in Cape May Court House, New Jersey 08210, Cape May County, New Jersey.  State Farm Fire & Casualty Company did pay a claim for property damage caused and thereby has become subrogated to the rights of said Kimberly Enteado.

2.     At all times relevant herein defendant, Hi-Power Cycles LLC (hereinafter "Hi-Power") was and is a corporation authorized to do business in the State of New Jersey who put their product in the stream of commerce in the State of New Jersey.  Defendant, Hi-Power, held themselves out to be a business competent in the design, manufacture and construction of electric bicycles and, in particular, a BM-Supreme XCR a/k/a Stealth Bomber/Fighter Killer electric full-suspension 5,000-watt bicycle.

3.     At all times relevant herein, the defendants, John Does 1-10 and ABC Corps. 1-10, were and are unidentified companies, corporations, contractors and/or persons involved in the design, manufacture, distribution and sale of the product referenced above and/or its component parts.

4.     At all times relevant hereto, the defendants were under a duty to fully and properly control, inspect, maintain, repair and otherwise install its products in a safe manner, such as would reasonably provide for the protection and safety of persons who would be utilizing these products and more particularly, the plaintiff's insureds herein, and reasonably provide for the preservation of personal property in and about said products.

5.     On or before June 18, 2014, plaintiff, David Federoff, purchased the above-referenced product pursuant to an ad on E-Bay.  It was delivered to Mr. Federoff at his girlfriend's and plaintiff's insured, Kimberly Enteado's, house located at 36 Robin Drive in Cape May Court House, New Jersey 08210.  It came brand new, unused, unopened and undamaged in its' original packaging.  Mr. Federoff used the electric bicycle that summer, without incident.

6.     On or before May 4, 2015, Mr. Federoff used this electric bicycle for the first time

2

this season and returned it to the plaintiff's insured's home, into the garage, and re-connected the battery charger. Sometime thereafter, a failure occurred causing a fire to ignite and causing severe and significant property damage to the plaintiff's insured's property, as well as Mr. Federoff's property located in the garage.

7.     As a direct and proximate result of the malfunction of the above-referenced product, the plaintiff's insured sustained severe and significant property damage to her home.

8.     The defendants impliedly warranted that the subject electric bicycle was fit for its intended purpose, the purpose for which it was designed, that it was a safe and product to be used by plaintiff's insureds.

9.     In purchasing and using the above-referenced electric bicycle, plaintiff's insured relied on defendants' skill and judgment in the implied warranty of fitness for use.

10.     The above-referenced electric bicycle was, in fact, not fit for use for its intended purpose and as a result the defendants' breached their warranty of fitness for use, causing plaintiff's insureds to sustain severe and significant property damage.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

## SECOND COUNT

1.     Plaintiff repeats each and every allegation contained in the First Count as if fully set forth herein at length.

2.     Defendant is engaged in the business of designing, manufacturing, constructing, assembling and inspecting electric bicycles.

3

3.     On or about May 4, 2015 the electric bicycle referenced above located in plaintiff's insureds' residence malfunctioned, causing a fire to ignite and causing severe and significant property damage to the plaintiffs insured's property.

4.     As a direct and proximate result of the fire and related necessary extinguishment efforts, plaintiff's insureds' home sustained significant smoke and water damage.

5.     As a direct and proximate result of the fire and related necessary extinguishment efforts, plaintiff's insured and David Federoff also sustained substantial losses of personal property.

6.     As a direct and proximate result of the fire and related necessary extinguishment efforts, plaintiff's insured was unable to continue living in her residence while repairs, replacement and restoration were completed and, thus, incurred significant costs and expenses in connection with alternative shelter and related living expenses during that period of time.

7.     At the time of the fire, plaintiff's insured was insured under a homeowner's insurance policy through State Farm Fire & Casualty Company.

8.     Pursuant to the terms of the plaintiff's insureds homeowner's insurance policy, State Farm Fire & Casualty Company has paid damages to date to its' insured and other entities involved in the repair, replacement and/or restoration of the plaintiff's insured's home.

9.     Pursuant to the terms of the plaintiff's insured's homeowner's insurance policy, State Farm Fire & Casualty Company will be responsible for payment of future damage amounts incurred in connection with the repair, replacement and restoration of the plaintiff's insured's property.

4

10.    The fire at the plaintiff's insureds' residence on May 4, 2015 was caused by a defect in the electric bicycle and/or its component parts referred to above.

11.    Pursuant to the terms of the plaintiff's insured's homeowner's insurance policy with State Farm Fire & Casualty Company, plaintiff's insured subrogated her claims for damages resulting from the fire and related extinguishment efforts to State Farm Fire & Casualty Company.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

### THIRD COUNT
**(New Jersey Products Liability Act – N.J.S.A.2AL58C-1, et. seq.)**

1.    Plaintiff repeats each and every allegation contained in the First and Second Counts as if fully set forth herein at length.

2.    Defendants had a duty to design and manufacture the above-referenced electric bicycle in such a manner that it would be reasonably fit, suitable and safe for its intended or reasonably foreseeable uses.

3.    The above-referenced electric bicycle was not reasonable fit, suitable and safe for its intended or reasonably foreseeable uses because it was defectively designed, manufactured, constructed assembled or inspected in such a way as to cause the components contained therein to malfunction and cause the fire.

4.    Defendants placed the defective above-referenced electric bicycle into the stream of commerce, knowing that it would be unreasonably dangerous while used in a normal and intended manner.

5

5.      The above-referenced electric bicycle was defectively designed, manufactured, constructed, assembled or inspected before it left the control of defendants.

6.      The above-referenced electric bicycle was unsafe for its intended purpose before it left the control of defendants.

7.      On the date of the fire, plaintiff, David Federoff, was using the above-referenced electric bicycle properly for its intended and reasonably foreseeable purpose.

8.      The plaintiffs were reasonably foreseeable users of the above-referenced electric bicycle.

9.      The defective design, manufacture, construction, assembly or inspection of the above-referenced electric bicycle was a direct and proximate cause of all damages and losses sustained by plaintiff's insured, Kimberly Enteado, and plaintiff, David Federoff, as a result of the fire and necessary extinguishment efforts.

10.     Defendants are strictly liable for all damages and losses sustained by plaintiff's insured, Kimberly Enteado, and plaintiff, David Federoff, as a result of the fire and related extinguishment efforts.

11.     State Farm Fire & Casualty Company as subrogee of Kimberly Enteado and David Federoff, are entitled to recover all amounts previously paid and to be paid in the future in connection with the damages and losses sustained by the plaintiff's insured as a direct and proximate result of the fire and necessary extinguishments efforts.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

### FOURTH COUNT

6

**(Breach of Express Warranties)**

1.      Plaintiff repeats each and every allegation contained in the First, Second and Third Counts as if fully set forth herein at length.

2.      Defendants expressly and/or impliedly warranted and represented to the plaintiff's insured and all foreseeable users that the above-referenced electric bicycle was well designed, safely manufactured, constructed, assembled and inspected, nor inherently dangerous, and fit and proper for the uses and purposes intended for such a product, and further represented that the electric bicycle did not constitute a dangerous or hazardous condition to individuals utilizing said electric bicycle.

3.      Defendants breached their express and implied warranties that the design, manufacture, construction, assembly and inspection of the above-referenced electric bicycle would be free from defects and in accordance with all applicable codes and standards.

4.      As a direct and proximate result of the breach by defendants of its express and implied warranties, plaintiff's insured, Kimberly Enteado, and plaintiff, David Federoff, sustained significant smoke and water damage and losses to plaintiff's insured's residence and their personal property, thereby necessitating past and future restoration, replacement and repair efforts.

5.      State Farm Fire & Casualty Company as subrogee of Kimberly Enteado and David Federoff are entitled to recover all amounts previously paid and to be paid in the future in connection with the damage and losses sustained by the plaintiff's insured and David Federoff as a direct and proximate result of the fire and related extinguishment efforts.

7

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

## FIFTH COUNT

1. Plaintiff repeats each and every allegation contained in the First, Second, Third and Fourth Counts as if fully set forth herein at length.

2. Defendants expressly and/or impliedly warranted and represented to the plaintiff's insured and all foreseeable users that the above-referenced electric bicycle was of merchantable quality and were safe and fit for its ordinary purposes and uses.

3. Plaintiff's insured and David Federoff relied upon the defendants expressed and/or implied warranties of merchantability and fitness for a particular purpose.

4. The warranties and representations by the defendants were false, misleading, inaccurate and otherwise untrue and the above-referenced electric bicycle and/or its component parts were not of merchantable quality and were, in fact, defective.

5. By reason of the foregoing, defendants breached their implied warranty of merchantability and fitness for a particular purpose and all other pertinent provisions of N.J.S.A. 2A:58C-1 et seq.

6. As a direct and proximate result of the aforementioned breach of warranties, plaintiff's insured, Kimberly Enteado, and plaintiff, David Federoff, were caused to sustain severe property damage.

**WHEREFORE**, plaintiff demands judgment for compensatory and consequential damages against the defendants jointly, severally and in the alternative, together with interest,

statutory attorney's fees, and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Paul R. Duffy, Esq., is hereby designated as trial counsel on behalf of plaintiffs.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

## NOTICE PURSUANT TO RULE 1:5-1(a) AND RULE 4:17-4(c)

Take notice that the undersigned attorney does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any other party, including documents, papers, deposition transcripts and other material referred to therein, upon the undersigned attorney.  Take notice that this is a continuing demand.

## DEMAND FOR INTERROGATORY ANSWERS

Pursuant to Rule 4:17-1(b)(1), demand is hereby made for the defendants to answer Product Liability Interrogatories pursuant to the Court Rules.

## CERTIFICATION

Pursuant to R. 4:5-1, this is to certify that, to the best of our knowledge, this matter is not subject of any other action pending in any court or arbitration proceeding and none is contemplated.

KEARNS & DUFFY, P.C.
Attorney for Plaintiff

Dated:  January 4, 2016          By:  _____
                                      PAUL R. DUFFY

9

# EXHIBIT "B"

# KEARNS & DUFFY, P.C.

ATTORNEYS AT LAW
3648 VALLEY ROAD
P.O. BOX 56
LIBERTY CORNER, NEW JERSEY 07938

WILLIAM J. KEARNS
PAUL R. DUFFY*
MICHAEL C. VACCARO*

*ADMITTED TO PRACTICE IN N.J., N.Y. AND P.A.

(908) 647-7773
FAX: (908) 647-9434

ASSOCIATE:
MATTHEW F. GLUCK
www.kearnsduffylaw.com
paulrduffy@kearnsduffylaw.com

SUBRO/LITIGATION
FAX: (908) 647-2314

February 19, 2016

VIA FEDERAL EXPRESS
Clerk, Law Division
Cape May County Superior Court
9 North Main Street
Cape May Court House, NJ  08210

Re:     Enteado v. Hi-Power Cycles LLC, et al.
        Docket No.:   CPM-L-12-16
        Our File No.:  9570D

Dear Sir or Madam:

My office represents the plaintiff in connection with the above-referred matter.  Enclosed herein please find the original and one copy of an Amended CIS and Amended Complaint. These documents are being forwarded to the Court for filing absent a formal motion, as no answers have been received to date.

Kindly file same, and return a "filed" copy to my office in the self-addressed stamped envelope provided for your convenience.  Thank you for your anticipated cooperation with the above.

Very truly yours,

PAUL R. DUFFY

PRD:sg
Enclosures

Cc:     Matthew G. Laver, Esq., w/enclosures, via e-mail

Appendix XII-B1

| | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| **CIVIL CASE INFORMATION STATEMENT**<br>**(CIS)**<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**<br>**if information above the black bar is not completed**<br>**or attorney's signature is not affixed** | | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | | CHG/CK NO. |
| | | AMOUNT: |
| | | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Paul R. Duffy, Esq. | TELEPHONE NUMBER<br>(908) 647-7773 | COUNTY OF VENUE<br>Cape May |
|---|---|---|
| FIRM NAME (if applicable)<br>Kearns & Duffy, P.C. | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>3648 Valley Road, P.O. Box 56<br>Liberty Corner, NJ 07938 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND   ■ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Kimberly Enteado by her subrogee<br>State Farm Fire & Casualty<br>Company and David Federoff | CAPTION<br>Kimberly Enteado by her subrogee State Farm Fire & Casualty<br>Company and David Federoff v. Hi-Power Cycles LLC; BME Bikes;<br>John Does 1-10; and ABC Corps. 1-10 |
|---|---|
| CASE TYPE NUMBER<br>(See reverse side for listing)<br>699 | HURRICANE SANDY<br>RELATED?<br>☐ YES   ■ No | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ No<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?<br>☐ Yes   ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes   ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>☐ Yes   ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE<br>☐ FAMILIAL | ☐ FRIEND/NEIGHBOR<br>☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 291 | PELVIC MESH/GYNECARE |
| 278 | ZOMETA/AREDIA | 292 | PELVIC MESH/BARD |
| 279 | GADOLINIUM | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 288 | PRUDENTIAL TORT LITIGATION | 601 | ASBESTOS |
| 289 | REGLAN | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

*Paul R. Duffy, Esq., ID # 062141986*
*KEARNS & DUFFY, P.C.*
*3648 Valley Road, P.O. Box 56*
*Liberty Corner, New Jersey 07938*
*(908) 647-7773*
*Attorneys for* Plaintiff
Our File No.: 9570D

| | |
|---|---|
| KIMBERLY ENTEADO by her subrogee STATE FARM FIRE & CASUALTY COMPANY and DAVID FEDEROFF, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CAPE MAY COUNTY |
| Plaintiff(s), | DOCKET NO.: CPM-L-12-16 |
| v. | Civil Action |
| HI-POWER CYCLES LLC; BME BIKES; JOHN DOES 1-10; and ABC CORPS. 1-10, | **AMENDED COMPLAINT AND JURY DEMAND** |
| Defendant(s). | |

Plaintiff, Kimberly Enteado by her subrogee State Farm Fire & Casualty Company, having

a place of business located at P.O. Box 106110, Atlanta, Georgia 30348 and David Federoff, by

way of complaint against defendants, Hi-Power Cycles LLC, with a place of business located at

21122 Nordhoff Street, Suite F-G, Chatsworth, California 91311; BME Bikes, with a place of

business located at 18247 Parthenia Street, Northridge, California 91325; John Does 1-10; and

ABC Corps. 1-10, alleges as follows:

## FIRST COUNT

1.      At all times relevant hereto, plaintiff, State Farm Fire & Casualty Company, did

insure a home owned by Kimberly Enteado located at 36 Robin Drive in Cape May Court House,

New Jersey 08210, Cape May County, New Jersey.  State Farm Fire & Casualty Company did pay a claim for property damage caused and thereby has become subrogated to the rights of said Kimberly Enteado.

2.     At all times relevant herein defendant, Hi-Power Cycles LLC (hereinafter "Hi-Power") and BME Bikes (hereinafter "BME") were and are corporations authorized to do business in the State of New Jersey who put their product in the stream of commerce in the State of New Jersey.  Defendants, Hi-Power and BME, held themselves out to be a business competent in the design, manufacture and construction of electric bicycles and, in particular, a BM-Supreme XCR a/k/a Stealth Bomber/Fighter Killer electric full-suspension 5,000-watt bicycle.

3.     At all times relevant herein, the defendants, John Does 1-10 and ABC Corps. 1-10, were and are unidentified companies, corporations, contractors and/or persons involved in the design, manufacture, distribution and sale of the product referenced above and/or its component parts.

4.     At all times relevant hereto, the defendants were under a duty to fully and properly control, inspect, maintain, repair and otherwise install its products in a safe manner, such as would reasonably provide for the protection and safety of persons who would be utilizing these products and more particularly, the plaintiff's insureds herein, and reasonably provide for the preservation of personal property in and about said products.

5.     On or before June 18, 2014, plaintiff, David Federoff, purchased the above-referenced product pursuant to an ad on E-Bay.  It was delivered to Mr. Federoff at his girlfriend's and plaintiff's insured, Kimberly Enteado's, house located at 36 Robin Drive in Cape

2

May Court House, New Jersey 08210.  It came brand new, unused, unopened and undamaged in its' original packaging.  Mr. Federoff used the electric bicycle that summer, without incident.

6.      On or before May 4, 2015, Mr. Federoff used this electric bicycle for the first time this season and returned it to the plaintiff's insured's home, into the garage, and re-connected the battery charger.  Sometime thereafter, a failure occurred causing a fire to ignite and causing severe and significant property damage to the plaintiffs insured's property, as well as Mr. Federoff's property located in the garage.

7.      As a direct and proximate result of the malfunction of the above-referenced product, the plaintiff's insured sustained severe and significant property damage to her home.

8.      The defendants impliedly warranted that the subject electric bicycle was fit for its intended purpose, the purpose for which it was designed, that it was a safe and product to be used by plaintiff's insureds.

9.      In purchasing and using the above-referenced electric bicycle, plaintiff's insured relied on defendants' skill and judgment in the implied warranty of fitness for use.

10.     The above-referenced electric bicycle was, in fact, not fit for use for its intended purpose and as a result the defendants' breached their warranty of fitness for use, causing plaintiff's insureds to sustain severe and significant property damage.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats each and every allegation contained in the First Count as if fully

3

set forth herein at length.

2.      Defendants are engaged in the business of designing, manufacturing, constructing, assembling and inspecting electric bicycles.

3.      On or about May 4, 2015 the electric bicycle referenced above located in plaintiff's insureds' residence malfunctioned, causing a fire to ignite and causing severe and significant property damage to the plaintiff's insured's property.

4.      As a direct and proximate result of the fire and related necessary extinguishment efforts, plaintiff's insureds' home sustained significant smoke and water damage.

5.      As a direct and proximate result of the fire and related necessary extinguishment efforts, plaintiff's insured and David Federoff also sustained substantial losses of personal property.

6.      As a direct and proximate result of the fire and related necessary extinguishment efforts, plaintiff's insured was unable to continue living in her residence while repairs, replacement and restoration were completed and, thus, incurred significant costs and expenses in connection with alternative shelter and related living expenses during that period of time.

7.      At the time of the fire, plaintiff's insured was insured under a homeowner's insurance policy through State Farm Fire & Casualty Company.

8.      Pursuant to the terms of the plaintiff's insureds homeowner's insurance policy, State Farm Fire & Casualty Company has paid damages to date to its' insured and other entities involved in the repair, replacement and/or restoration of the plaintiff's insured's home.

9.      Pursuant to the terms of the plaintiff's insured's homeowner's insurance policy,

4

State Farm Fire & Casualty Company will be responsible for payment of future damage amounts incurred in connection with the repair, replacement and restoration of the plaintiff's insured's property.

10.    The fire at the plaintiff's insureds' residence on May 4, 2015 was caused by a defect in the electric bicycle and/or its component parts referred to above.

11.    Pursuant to the terms of the plaintiff's insured's homeowner's insurance policy with State Farm Fire & Casualty Company, plaintiff's insured subrogated her claims for damages resulting from the fire and related extinguishment efforts to State Farm Fire & Casualty Company.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

### THIRD COUNT
**(New Jersey Products Liability Act – N.J.S.A.2AL58C-1, et. seq.)**

1.    Plaintiff repeats each and every allegation contained in the First and Second Counts as if fully set forth herein at length.

2.    Defendants had a duty to design and manufacture the above-referenced electric bicycle in such a manner that it would be reasonably fit, suitable and safe for its intended or reasonably foreseeable uses.

3.    The above-referenced electric bicycle was not reasonable fit, suitable and safe for its intended or reasonably foreseeable uses because it was defectively designed, manufactured, constructed assembled or inspected in such a way as to cause the components contained therein to malfunction and cause the fire.

5

4.      Defendants placed the defective above-referenced electric bicycle into the stream of commerce, knowing that it would be unreasonably dangerous while used in a normal and intended manner.

5.      The above-referenced electric bicycle was defectively designed, manufactured, constructed, assembled or inspected before it left the control of defendants.

6.      The above-referenced electric bicycle was unsafe for its intended purpose before it left the control of defendants.

7.      On the date of the fire, plaintiff, David Federoff, was using the above-referenced electric bicycle properly for its intended and reasonably foreseeable purpose.

8.      The plaintiffs were reasonably foreseeable users of the above-referenced electric bicycle.

9.      The defective design, manufacture, construction, assembly or inspection of the above-referenced electric bicycle was a direct and proximate cause of all damages and losses sustained by plaintiff's insured, Kimberly Enteado, and plaintiff, David Federoff, as a result of the fire and necessary extinguishment efforts.

10.     Defendants are strictly liable for all damages and losses sustained by plaintiff's insured, Kimberly Enteado, and plaintiff, David Federoff, as a result of the fire and related extinguishment efforts.

11.     State Farm Fire & Casualty Company as subrogee of Kimberly Enteado and David Federoff, are entitled to recover all amounts previously paid and to be paid in the future in connection with the damages and losses sustained by the plaintiff's insured as a direct and

proximate result of the fire and necessary extinguishments efforts.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

### FOURTH COUNT
**(Breach of Express Warranties)**

1.    Plaintiff repeats each and every allegation contained in the First, Second and Third Counts as if fully set forth herein at length.

2.    Defendant, BME, expressly and/or impliedly warranted and represented to the plaintiff's insured and all foreseeable users that the above-referenced electric bicycle was well designed, safely manufactured, constructed, assembled and inspected, nor inherently dangerous, and fit and proper for the uses and purposes intended for such a product, and further represented that the electric bicycle did not constitute a dangerous or hazardous condition to individuals utilizing said electric bicycle.

3.    Defendant, BME, breached their express and implied warranties that the design, manufacture, construction, assembly and inspection of the above-referenced electric bicycle would be free from defects and in accordance with all applicable codes and standards.

4.    As a direct and proximate result of the breach by defendant, BME, of its express and implied warranties, plaintiff's insured, Kimberly Enteado, and plaintiff, David Federoff, sustained significant smoke and water damage and losses to plaintiff's insured's residence and their personal property, thereby necessitating past and future restoration, replacement and repair efforts.

5.    State Farm Fire & Casualty Company as subrogee of Kimberly Enteado and David

7

Federoff are entitled to recover all amounts previously paid and to be paid in the future in connection with the damage and losses sustained by the plaintiff's insured and David Federoff as a direct and proximate result of the fire and related extinguishment efforts.

**WHEREFORE**, plaintiff demands judgment against the defendant, BME, for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

## FIFTH COUNT

1.     Plaintiff repeats each and every allegation contained in the First, Second, Third and Fourth Counts as if fully set forth herein at length.

2.     Defendant, BME, expressly and/or impliedly warranted and represented to the plaintiff's insured and all foreseeable users that the above-referenced electric bicycle was of merchantable quality and were safe and fit for its ordinary purposes and uses.

3.     Plaintiff's insured and David Federoff relied upon the defendant, BME's, expressed and/or implied warranties of merchantability and fitness for a particular purpose.

4.     The warranties and representations by the defendants were false, misleading, inaccurate and otherwise untrue and the above-referenced electric bicycle and/or its component parts were not of merchantable quality and were, in fact, defective.

5.     By reason of the foregoing, defendant, BME, breached their implied warranty of merchantability and fitness for a particular purpose and all other pertinent provisions of N.J.S.A. 2A:58C-1 et seq.

6.     As a direct and proximate result of the aforementioned breach of warranties, plaintiff's insured, Kimberly Enteado, and plaintiff, David Federoff, were caused to sustain severe property damage.

**WHEREFORE**, plaintiff demands judgment for compensatory and consequential damages against the defendants jointly, severally and in the alternative, together with interest, statutory attorney's fees, and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Paul R. Duffy, Esq., is hereby designated as trial counsel on behalf of plaintiffs.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

## NOTICE PURSUANT TO RULE 1:5-1(a) AND RULE 4:17-4(c)

Take notice that the undersigned attorney does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any other party, including documents, papers, deposition transcripts and other material referred to therein, upon the undersigned attorney.  Take notice that this is a continuing demand.

## DEMAND FOR INTERROGATORY ANSWERS

Pursuant to Rule 4:17-1(b)(1), demand is hereby made for the defendants to answer Product Liability Interrogatories pursuant to the Court Rules.

## CERTIFICATION

Pursuant to R. 4:5-1, this is to certify that, to the best of our knowledge, this matter is not subject of any other action pending in any court or arbitration proceeding and none is contemplated.

KEARNS & DUFFY, P.C.
Attorney for Plaintiff

Dated: February 19, 2016      By:           

PAUL R. DUFFY

10