IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY ENTEADO, by her subgrogee STATE FARM FIRE & CASUALTY CO., and DAVID FEDEROFF,<br><br>    Plaintiffs,<br><br>  v.<br><br>HI-POWER CYCLES, LLC and BME BIKES d/b/a BOOSTMORE LLC,<br><br>    Defendants. | CIVIL NO. 16-996 (NLH/JS)<br><br>**ORDER** |

    IT APPEARING that Defendant Hi-Power Cycles, LLC filed an Amended Notice of Removal on March 4, 2016; and

    WHEREAS, the Notice of Removal states that this Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332; and

    WHEREAS, federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation; see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554

F.2d 1254, 1256 (3d Cir. 1977)); and

WHEREAS, Defendant Hi-Power Cycles LLC, as the party attempting to bring this matter before the Court, bears the burden of proving that this Court has subject matter jurisdiction. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). If the Court lacks subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); and

WHEREAS, the Amended Notice of Removal fails to allege the type of corporate entity of Plaintiff/Subrogee State Farm Fire & Casualty Company or its citizenship[1]; and

WHEREAS, the Third Circuit has held that the citizenship of an LLC, partnership, or other unincorporated association is determined by the citizenship of each of its members (see Zambelli, 592 F.3d at 418) while a corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. Mennen Co. v. Atl. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1990) (citing 28 U.S.C. § 1332); see also J & R Ice Cream Corp. v. Cal. Smoothie Licensing

---

[1] For example, if State Farm is a corporation, Defendant Hi-Power Cycles must allege State Farm's state of incorporation and its principal place of business. Hi-Power Cycles is again reminded that alleging "a" principal place of business in insufficient (see Amended Notice of Removal ¶ 4), rather Hi-Power Cycles must allege where State Farm has "its" principal place of business. Additionally, Hi-Power Cycles cannot allege State Farm's citizenship "upon information and belief." (Id.)

2

Corp., 31 F.3d 1259, 1265 n.3 (3d Cir. 1994) (alleging that a corporation has "a" principal place of business in a given state rather than alleging "its" principal place of business is insufficient to establish diversity jurisdiction); and

WHEREAS, the Court also recognizes that jurisdictional allegations made "upon information and belief," are insufficient to convince the Court that diversity exists between the parties, see Vail v. Doe, 39 F. Supp. 2d 477, 477-78 (D.N.J. 1999); and

WHEREAS, the Court finding that the Amended Notice of Removal therefore does not sufficiently establish that this Court may exercise diversity jurisdiction over this matter; and

ACCORDINGLY, it is on this  7th  day of  March  , 2016, **ORDERED** that Defendant High-Power Cycles LLC shall have ten (10) days to amend the notice of removal to properly comply with 28 U.S.C. § 1332.  If Defendant fails to do so, this case will be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

                                            s/ Noel L. Hillman  
                                          NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey